UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KALESHA NILES and JASON LAHEY, on behalf of
themselves, the general public, and those similarly situated,

                                Plaintiff,

                                **ORDER**
                               19-CV-1902 (SJF)(ARL)

       - against-

BEVERAGE MARKETING USA, INC., HORNELL
BREWING CO., INC., ARIZONA BEVERAGE
COMPANY LLC, ARIZONA BEVERAGES USA LLC
and ARIZONA ICED TEA LLC,

                               Defendants.
------------------------------------------------------------------------X
FEUERSTEIN, District Judge:

       Plaintiffs Kalesha Niles and Jason Lahey (collectively, "Plaintiffs) commenced this action against Defendants Beverage Marketing USA, Inc., Hornell Brewing Co., Inc., Arizona Beverage Company LLC, Arizona Beverages USA LLC, and Arizona Iced Tea LLC (collectively, "Defendants") alleging, *inter alia,* fraud, negligent misrepresentation, breach of express and implied warranties, unjust enrichment, and violations of various state consumer statutes. Defendants have moved to dismiss the complaint. *See* Motion, Docket Entry ("DE") [21]. Pending before the Court are objections to the Report and Recommendation of the Honorable Arlene R. Lindsay, United States Magistrate Judge, dated April 16, 2020 (the "Report"), *see* DE [25], recommending, *inter alia,* that (1) Plaintiffs lack standing to seek injunctive relief; (2) the statement "just the right amount of ginseng" is non-actionable puffery and Plaintiffs should be barred from relying on this statement in support of their claims; (3) the motion to dismiss the state consumer law claim as preempted by federal law be denied; (4) the motion to dismiss be granted as to the remaining claims; and (5) Plaintiffs be granted leave to amend their first and second causes of action. For the reasons set forth below, Magistrate Judge Lindsay's Report is adopted.

FILED
CLERK

6/24/2020 10:29 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

## I. STANDARD OF REVIEW

Any party may serve and file written objections to a report and recommendation of a magistrate judge within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). The Court is not required, however, to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn,* 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2 435 (1985). In addition, general objections or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke *de novo* review." *Owusu v. New York State Ins.,* 655 F. Supp. 2d 308, 312-13 (S.D.N.Y. 2009) (internal quotation marks, alteration, and citation omitted); *see also Thomas v. City of New York,* Nos. 14-CV-7513, 16-CV-4224, 2019 WL 3491486, at *4 (E.D.N.Y. July 31, 2019) ("[o]bjections seeking to relitigate arguments rejected by the magistrate judge do not constitute proper objections, and, as a result, are subject to clear error review."); *Trivedi v. New York State Unified Court Sys. Office of Court Admin.*, 818 F. Supp. 2d 712, 726 (S.D.N.Y. 2011) ("[W]hen a party makes only conclusory or general objections . . . the Court will review the Report strictly for clear error. . . Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal." (internal quotation marks and citation omitted; alterations in original)), *aff'd sub nom Seck v. Office of Court Admin.*, 582 F. App'x 47 (2d Cir. 2014). Any portion of a report and recommendation to which no specific timely objection is made, or to which only general, conclusory or perfunctory objections are made, is reviewed only for clear error.

*Owusu*, 655 F. Supp. 2d at 312-13.

## II.   OBJECTIONS

### A.   Plaintiffs' Objections

Plaintiffs object to the Report, *see* Plaintiffs' Objections to Report ("Pls' Obj."), DE [27], arguing, *inter alia,* that Magistrate Judge Lindsay erred in (1) finding that they do not have standing to seek injunctive relief since they have adequately alleged future harm, *id.* at 4, 6; (2) finding that the language "just the right amount of ginseng" is non-actionable puffery and recommending that Plaintiffs be barred from relying on this language in support of their claims as this is evidence of Defendants' state of mind, *id.* at 9; (3) recommending dismissal of the first and second causes of action, alleging fraud and negligent misrepresentation, respectively, pursuant to Rule 9(b) of the Federal Rules of Civil Procedure where the necessary information is controlled by Defendants, *id.* at 12; (4) recommending dismissal of the breach of express warranty claim for lack of effective notice because no notice from Plaintiffs is required, *id.* at 13-15; (5) employing a "too-narrow" reading of the law in recommending dismissal of the breach of implied warranty claim for failure to plead that the product was unfit for human consumption, *id.* at 15; and (6) recommending dismissal of the unjust enrichment claim as duplicative of other claims despite the claim being pled in the alternative. *Id.* at 16.

Defendants respond to Plaintiffs' objections, *see* Defendants' Response to Plaintiffs' Objections, DE [29], arguing, *inter alia,* that (1) Plaintiffs have failed to allege sufficient facts regarding future injury and thus have not established standing to seek injunctive relief notwithstanding their standing to sue for damages, *id.* at 2; (2) the Magistrate Judge applied the correct factors and appropriately found the statement "just the right amount of ginseng" to be

3

subjective and mere puffery, *id.* at 5; (3) the Plaintiffs are not exempt from the Rule 9(b) pleading requirements given the allegations of fraud, *id.* at 7; (4) Plaintiffs may not rely upon letters sent by others to satisfy the notice requirement of a breach of express warranty claim, *id.* at 9; (5) breach of an implied warranty of merchantability as to food or beverage requires an allegation that the product was unfit for human consumption, *id.* at 12; and (6) the Report correctly found that the unjust enrichment claims should be dismissed as duplicative, noting that the Report recommended dismissal of the fraud and negligent misrepresentation claims with leave to amend. *Id.* at 13-14.

Plaintiffs' objection to the recommendation of dismissal of their first and second claims for failure to meet the heightened pleading requirements of Rule 9(b), is based in part on their contention that they "cannot discern" which entity was responsible for particular conduct because "Defendants have separated and hid their operations through the use of numerous LLCs and holding corporations." Pls' Obj. at 12. Plaintiffs' objection is overruled; should they choose to amend these claims, they may include specific, nonconclusory factual allegations to support their arguments regarding the corporate structure of the Defendant-entities and Defendants' purported efforts to hide that structure.

Plaintiffs contend, *inter alia,* that the statement "just the right amount of ginseng" may prove to be objectively false "if there is no ginseng in the Product" and thus the Report erred in barring them from relying on this statement as evidence of Defendants' state of mind. Pls.' Obj. at 9. On its face, the statement is subjective and constitutes puffery for the reasons set forth in the Report, and therefore Plaintiffs' objection is overruled. If, however, discovery bears out Plaintiff's speculation that there is absolutely *no* ginseng present in the Product, the Court may lift the bar and allow Plaintiffs to rely upon the statement, as appropriate.

4

Upon *de novo* review of the Report and consideration of Plaintiffs' remaining objections and Defendants' responses thereto, the Plaintiffs' objections are overruled and the Report is adopted.

**B. Defendants' Objections**

Defendants object to the Report, *see* Defendants' Objects ("Defs' Obj."), DE [26], to the extent that it (1) recommends denying the motion to dismiss the claim asserted under state consumer protection laws as preempted by federal law, arguing that the complaint lacks any allegation that Defendants violated the Federal Food, Drug and Cosmetic Act ("FDCA"), 21 U.S.C. §343 *et seq.*, Defs' Obj. at 2, and (2) may be read to foreclose future application of the preemption defense after development of the evidentiary record. *Id.* at 3. Plaintiffs have submitted a response to this objection, *see* Plaintiffs' Response to Defendants' Objections, DE [30], in which they argue, *inter alia,* that (1) preemption does not apply in this case, *id.* at 2; (2) no allegation of a specific violation of the FDCA is required, *id.*; and (3) there is no basis for the Court to provide an advisory opinion regarding the hypothetical future application of a preemption argument. *Id.* at 5.

Defendants' concern regarding the availability of a preemption defense is based on their strained reading of the Report and their speculative hypothesis about possible future conduct in this litigation. While the Court declines to make a ruling at this juncture about the extent to which a preemption defense remains available, it is noted that, generally, the law of the case doctrine is discretionary and "would not preclude a district court from granting summary judgment based on evidence after denying a motion to dismiss based only on the plaintiff's allegations." *Maraschiello v. City of Buffalo Police Dep't,* 709 F.3d 87, 97 (2d Cir. 2013).

5

Upon *de novo* review of the Report and consideration of Defendants' objections and Plaintiffs' responses thereto, the Defendants' objections are overruled and that portion of the Report denying Defendants' motion to dismiss on the basis of preemption is adopted.

### III. LEAVE TO AMEND

Magistrate Judge Lindsay recommended that the first and second causes of action dismissed for failure to comply with Rule 9(b) be dismissed with leave to amend. That recommendation is adopted.

The Report recommends dismissal of the causes of action for breach of express warranty, breach of implied warranty, and unjust enrichment without specific reference to amendment of those claims. Plaintiffs summarily request "broad" leave to amend, arguing that they "are best able to determine which, if any, pleading deficiencies it can cure through amendment." Pls.' Obj. at 18. Plaintiffs' perfunctory request is deficient in that it fails to provide any proposed theories or additional facts that would raise its claims from implausible to plausible. *See, e.g., City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG,* 752 F.3d 173, 188 (2d Cir. 2014) (denial of leave to amend appropriate where "plaintiffs have identified no additional facts or legal theories—either on appeal or to the District Court—they might assert if given leave to amend"); *In re Goldman Sachs Mortgage Serv'g S'holder Derivative Litig.,* 42 F. Supp. 3d 473, 487 (S.D.N.Y. 2012) (denying leave to amend where plaintiffs failed to articulate how an amendment would cure pleading defects).

In addition, leave to amend is not required where "the problem with [the] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000). The claims for breach of express and implied warranty, and unjust enrichment are

fundamentally flawed; as amendment would be futile, leave to amend these claims is denied. *See generally Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend").

### IV.   CONCLUSION

For the foregoing reasons, the Report is adopted in its entirety.   Defendants' motion to dismiss, DE [21], is granted in part and denied in part.   Plaintiffs may serve an amended complaint consistent with this Order no later than July 31, 2020.

**SO ORDERED**.

/s/ *Sandra J. Feuerstein*

Sandra J. Feuerstein
United States District Judge

Dated: Central Islip, New York
        June 24, 2020